### In re Green Hills Lake Sportsmen's Club

*Martin L. Long*, for petitioner..

SCHAEFFER, P. J., August 3, 1934.—We have before us several articles of incorporation which the subscribers seek to have approved. In order that we may know the nature of the proposed purpose, we have, as was done in the instant case, referred them to masters.

The Supreme Court, in Deutsch-Amerikanischer Volks-fest-Verein, 200 Pa. 143, used these significant words: "The court undoubtedly may and should look into the nature of the proposed social enjoyment, to see that it is 'lawful and not injurious to the community' ".

We now specifically point out some of the matters that should engage the attention of the masters:

1. They should elicit evidence as to what is the real and bona fide purpose in seeking incorporation, and specifically report whether the purpose be lawful, and not injurious to the Commonwealth.

2. They should investigate and report whether the proposed corporation purposes to dispense beer and liquors.

We say, as did Gillan, P. J., in 20 Dist. R. 449, 450: "We have too many social clubs in this county now; too many of them are mere drinking places; the number should be decreased, not increased. No more clubs will be chartered while this court is constituted as it now is where intoxicating liquors are to be dispensed as a means of raising revenue."

Accordingly, if in the opinion of the master the real purpose for seeking incorporation is to enable the club to dispense beer and liquor to its members, not as an incident of club life, but as an essential in support of the club itself, the charter will be refused. If, however, the purpose is lawful, and not injurious to the Commonwealth, and beer and liquors are merely supplied to the members as one of the incidental features of the club, this will not influence the court to refuse the application.

3. They should elicit evidence and make report as to the kind of building or quarters. The mere fact that the corporation does not have spacious buildings or luxurious quarters will not influence the court to refuse the application, if the purpose be a lawful one. But where, from the evidence, whatever may be the standing of the parties, or the kind of headquarters they intend to occupy, it is made manifest that they do not have sufficient revenue outside of what they may receive from dispensing beer and liquor, the charter will be refused. The burden shall be on the applicants to show by clear and satisfactory evidence that the proposed group is, or will upon incorporation be in receipt of sufficient income to meet its reasonable needs without any reliance upon sales of beer or liquor.

No club will be chartered for whatever purpose where its headquarters are in a licensed hotel or saloon. Under no conditions will this court grant a charter if it be known that it is to be used as a cover for an individual or individuals for personal profit, or for the purpose of procuring a license at a fee less than that which is

required of an individual or corporation to maintain a hotel or saloon.

Finally, particular care should be exercised on the part of the master to determine whether the proposed club or association has been in existence as an unincorporated association for the past year or longer, and what, if any, facilities there are for the furtherance of its purposes.

### Order

And now, to wit, August 3, 1934, the report of the master is confirmed for the reasons given by him and the articles of incorporation are approved, final decree to be made upon its submission. The master here has properly investigated the purpose of this intended corporation, not only having made inquiry into its necessity, but whether its purpose was a lawful one, and not injurious to the Commonwealth.